DOROTHEA SCHAEFER

*v.*

STATE OF ILLINOIS.

*Opinion filed February 17, 1915.*

1. RESPONDEAT SUPERIOR—*rule of not applicable to State.* This rule of law does not apply to the State, and persons injured through the fault or neglect of employees of the State cannot recover damages.

2. GOVERNMENTAL FUNCTION—*State exercises in conducting hospitals.* The State, in conducting its State hospitals, exercises a governmental function solely.

3. SAFETY APPLIANCE ACT—*does not apply to State.* The Safety Appliance Act has no application to the State in its relation to its employees.

4. JURISDICTION—*Court without—of employees injured subsequent to July 1, 1913.* Employees of the State injured subsequently to July 1, 1913, may have their claims determined by the Industrial Board. The Court of Claims has no jurisdiction of claims of this character.

T. V. Gorey, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Claimant was employed in the laundry in the Elgin State Hospital, and on July 11, 1913, at about 2:30 p. m., she sustained injuries while working on a mangle. She claims that her injuries were due to the fact that there were no guards on the machine; that she was unacquainted with its use; that both hands were caught in the machine, crushed and disfigured, there being permanent injury, through burning and crushing, to the left hand, and that she was compelled to remain in the hospital for about six weeks.

Claimant argues that the Act to provide for the health, safety, comfort of employees, etc., enacted by the legislature was violated in this case by the State itself. The State argues that there is no liability because the State in the operation of the hospital exercises governmental function, that the injury to claim-

ant was due to her own negligence, and that claimant has misconceived her remedy, in that, she should have brought her action under the Workmen's Compensation Act, which became effective on July 1, 1913. No person besides claimant witnessed the accident, excepting, that immediately after claimant's hands were caught, she was seen to have her foot on the pedal which operated the machine. The attending physician testified, that the injuries to the right hand were slight. The left hand is permanently injured, the index finger anchylosed, the middle finger discolored with a joint enlarged, the tendons are not free, adhesions having taken place. The injuries are undoubtedly severe.

Unfortunately, however, for claimant in this case, granting, for the sake of argument, that she was entirely free from fault and that the fault was entirely that of the State, she cannot recover in this case.

This Court has repeatedly held, and it is uniformly so held by courts generally, that persons injured through the fault or neglect of employees of the State, engaged in the conduct of an institution that is operated by the State in its governmental capacity, cannot recover damages. The State in the conduct of the Elgin State Hospital exercises governmental function solely. This Court in the case of *Jones* v. *State,* opinion filed October Term, 1913, stated:

"The Safety Appliance Act has no application to the State in its relation to its employees," and

"There is no statute which makes the State liable to respond in damages in a case such as the one before us."

We have been shown no reason to change our opinion as stated in that case.

Claimant was injured on July 11, 1913, ten days after the Workmen's Compensation Law of 1913 became effective; section 4 of that Act defining the term employer includes the State. The Act provides that all claims for compensation shall be heard by the Industrial Board which is created by that Act. If this

case were one against a private individual instead of the State, it would not be contended that the courts of law would have any jurisdiction, that having been conferred exclusively on the Industrial Board. The same rule holds true here, and this Court, under the law as it now exists, has no jurisdiction to pass upon this case.

The claim is accordingly rejected, without prejudice, however, to the rights of claimant to prosecute her claim before the Industrial Board, or elsewhere as she may see fit.